**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
| (1)   STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE COMPANY, | ) | |
| a foreign insurance company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-149-JED-FHM |
| v. | ) | |
| | ) | |
| (1)   CLAYTON H. HICKS, an individual, | ) | |
| (2)   RICHARD J. LETOURNEAU, an | ) | |
| individual, | ) | |
| (3)   ROBERT H. LADD, an individual, | ) | |
| (4)   TRANAM SYSTEMS INTERNATIONAL, | ) | |
| INC., a domestic corporation, and | ) | |
| (5)   CITY OF TULSA, a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), and for its cause of action against the Defendants, alleges and states as follows:

**I.**

**JURISDICTION**

1.      Plaintiff is an insurance company organized under the laws of the State of Illinois authorized to do business in the State of Oklahoma.  Its principal place of business is in the State of Illinois, therefore it is deemed to be an Illinois citizen for purposes of diversity.

2.      Defendant Clayton Hicks ("Hicks") is an individual residing in Tulsa County, State of Oklahoma.

3.      Defendant Richard J. Letourneau ("Letourneau") is an individual residing at the Clara

Waters Community Corrections Center in Oklahoma County, State of Oklahoma.

4.      Defendant Robert Ladd ("Ladd") is an individual residing in Tulsa County, State of Oklahoma.

5.      Defendant TranAm Systems International, Inc., ("TranAm") is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

6.      Defendant City of Tulsa is a municipal corporation.

7.      Jurisdiction is based on diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   The requirements of Title 28 U.S.C. § 1332 are, therefore, met.

8.      This action is for declaratory relief and is brought pursuant to the Declaratory Judgment Act, Title 28 U.S.C. § 2201, *et seq*.

## II.

## FACTS COMMON TO ALL ISSUES

### A.  BACKGROUND

9.      Hicks is an officer with the Tulsa Police Department.

10.      On November 17, 2016, Hicks was on-duty as a police officer when he was involved in a pursuit of a vehicle driven by Letourneau.

11.      During the pursuit Letourneau intentionally backed the vehicle he was driving, a 2001 Dodge Dakota, into the vehicle driven by Hicks, resulting in property damage and alleged personal injury to Hicks.

12.      The vehicle driven by Letourneau was owned by Ladd and/or TranAm.

### B.  UNDERLYING LAWSUIT

13.     On October 6, 2017, Hicks filed a lawsuit against Letourneau, Ladd and TranAm in Tulsa County District Court, Case No. CJ-2017-3981.  (See Petition attached as Exhibit 1.)

14.     Hicks' Petition alleges negligence and negligence *per se* against Letourneau, negligent entrustment against TranAm and Ladd, and vicarious liability under the doctrine of *respondeat superior* against TranAm and Ladd.  (See Petition attached as Exhibit 1.)

15.     Hicks's Petition states that he seeks damages for, *inter alia,* alleged personal injury and damage to personal property, in an amount which exceeds $75,000.00.  (See Petition attached as Exhibit 1.)

16.     The City of Tulsa, as Hicks' employer at the time of the incident, has filed a Motion to Intervene in the underlying lawsuit pursuant to its right to recover amounts paid to or on behalf of Hicks pursuant to his workers' compensation claim arising from the incident.

### C.  STATE FARM'S AUTO POLICY

17.     State Farm issued a policy of automobile insurance which insured the vehicle driven by Letourneau at the time of the incident at issue, to-wit: Policy Number 020995336F (the "Policy"). (See Certified Policy Record, Policy and Declarations attached as Exhibit 2.)

18.     The Policy provides, in pertinent part:

`DEFINITIONS`

***Bodily Injury*** `means bodily injury to a` ***person*** `and sickness, disease, or death that results from it.`

`*       *       *`

***Person*** `means a human being.`

`*       *       *`

3

*Your Car* means the vehicle shown under YOUR CAR on the Declarations Page.

                              *       *       *

**LIABILITY COVERAGE**

**Additional Definition**

*Insured* means:

1.   *you* and *resident relatives* for:

       a.   the ownership, maintenance, or use of:

              (1)   *your car*;

                              *       *       *

3.   any other *person* for his or her use of:

       a.   *your car*;

                              *       *       *

       Such vehicle must be used within the scope of *your* consent.

4.   *Insured* means any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in items 1., 2., or 3. above, but only for such vicarious liability.  This provision applies only if the vehicle is:

       a.   neither *owned by*, nor hired by, that other *person* or organization; and

       b.   neither available for, nor being used for, carrying *persons* for a charge.

        \*     \*     \*

**Insuring Agreement**

1.    ***We*** will pay damages an ***insured*** becomes legally liable to pay because of:

    a.  ***bodily injury*** to others; and

    b.  damage to property

    caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy.

        \*     \*     \*

**Exclusions**

THERE IS NO COVERAGE FOR AN ***INSURED***:

1.    WHO INTENTIONALLY CAUSES ***BODILY INJURY*** OR DAMAGE TO PROPERTY;... .

19.    Pursuant to Oklahoma law in effect at the time of the incident at issue, an insurer is not obligated to defend an action against its insured where the insurer would not be liable under its policy for any recovery in such suit.   See *Torres v. Sentry Insurance*, 1976 OK 195, ¶9, 558 P.2d 400, 401-402.

20.    Because Letourneau's act of intentionally backing the vehicle which he was driving into the vehicle driven by Hicks does not constitute an "accident," under Oklahoma law, there is no coverage for any insured under the Policy for any insured.

21.    Assuming, *arguendo*, that Letourneau's act of backing the vehicle which he was driving into the vehicle driven by Hicks could constitute an "accident," the intentional loss exclusion should apply to exclude coverage as to any insured where an insured intentionally causes bodily

injury or damage to property.

22.     Assuming, *arguendo*, that Letourneau's act of backing the vehicle which he was driving into the vehicle driven by Hicks could constitute an "accident," and assuming that the intentional loss exclusion does not exclude coverage, Oklahoma follows the rule that where the named insured gives permission to another to use the insured vehicle, Oklahoma's Compulsory Insurance Law requires that liability insurance continue to cover the insured vehicle even though the permittee exceeds the scope of consent.  However, the liability insurance coverage should be limited to the statutorily mandated minimum amount of liability coverage in Oklahoma which at the time of the incident was $25,000.00 per person and $50,000.00 per accident.

23.     Because Ladd and Letourneau were not in a master-servant relationship at the time of the incident, Ladd may not be held vicariously liable for Letourneau's act under the doctrine of *respondeat superior.*

24.     The Policy does not provide Ladd coverage for Hicks' negligent entrustment claim because it is a direct negligence claim, rather than a claim seeking to impose vicarious liability.

25.     TranAm is not a named insured under the Policy.

26.     Under the Policy, an insured may mean any other person or organization vicariously liable for the use of a vehicle by an insured, but only for such vicarious liability.  This provision applies within the Policy only if the vehicle is neither owned by, nor hired by, that other person or organization.  TranAm owned the vehicle driven by Letourneau and therefore cannot be an insured pursuant to the foregoing definition of insured.

27.     Assuming TranAm could be construed as an insured under the Policy, Letourneau was not acting within the scope of employment at the time of the incident, therefore TranAm cannot be held vicariously liable for his actions.

28.     Because the Policy does not provide coverage to any insured, neither Hicks nor the City of Tulsa has a right of recovery directly or indirectly against State Farm pursuant to the Policy.

29.     Because there is no coverage or right of recovery against the Policy in favor of any Defendant herein, State Farm has no duty to defend Letourneau, Ladd or TranAm in the underlying lawsuit.

Premises considered, Plaintiff State Farm Mutual Automobile Insurance Company prays for an Order declaring the rights and obligations of the parties as follows:

A.     There is no coverage or right of recovery under the Policy for any Defendant herein on any claim alleged in the underlying lawsuit;

B.     Plaintiff State Farm has no duty to defend Letourneau, Ladd or TranAm in the underlying lawsuit; and

C.     State Farm is entitled to any further and additional relief which this Court deems just and proper and which is authorized pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* or other Oklahoma law.

                                        Respectfully submitted,


                                        s/ Stephen M. Coates
                                        Stephen M. Coates, OBA No. 16823
                                        WILSON, CAIN & ACQUAVIVA
                                        1717 South Boulder, Suite 200
                                        Tulsa, OK 74119-4833
                                        Telephone: (918) 583-4777
                                        Facsimile:   (918) 583-0774
                                        Attorneys for Plaintiff State Farm

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrant(s) (names only are sufficient):

Clayton H. Hicks
c/o Ms. Alisa G. Hopkins, Esq.

I hereby certify that I served the same document by United States Postal Service to:

> City of Tulsa
> c/o City Clerk
> 175 E. 2nd Street, Suite 260
> Tulsa, OK 74103
>
> Tranam Systems International Inc.,
> c/o Robert Ladd, Service Agent
> 6131 E. 32nd Place
> Tulsa, OK  74135
>
> Richard J. Letourneau
> c/o Randy Matthews Facility Director
> Clara Waters Community Correctional Center
> 9901 N. I-35 Service Road
> Oklahoma City, OK 73131-5228
>
> Robert Ladd
> 6131 E. 32nd Place
> Tulsa, OK 74135

s/ Stephen M. Coates